MARGARET I. CLELAND *v.* FRANK T. CLELAND

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 230465
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed May 3, 1979

*Hebb & Gitlin,* for the plaintiff.

No appearance for the defendant.

FRANCIS X. HENNESSY, J. The plaintiff wife has filed an action to dissolve her marriage to the defendant husband. The plaintiff has also filed a

motion to have the defendant's attorney and his law firm disqualified in the pending dissolution action on the grounds that their appearance in the matter is a conflict of interest.

The gravamen of the plaintiff's allegation is that the law firm of Gilman and Marks has represented her in the recent past in matters involving her finances in that they prepared for her a will which included elements of estate planning. She contends that their representation of her husband in a contested dissolution which involves a disagreement over alimony and the financial status of the parties in connection therewith is a conflict of interest because the information shared with the members of the firm of Gilman and Marks when they represented her bears a substantial relation to the subject matter of the contested dissolution. She alleges that canon four and canon nine of the Code of Professional Responsibility would be violated if the firm of Gilman and Marks were allowed to represent her husband in the pending matter. Canon four requires a lawyer to preserve the confidences and secrets of a client. Canon nine requires a lawyer to avoid even the appearance of professional impropriety.

The defendant, however, claims that the firm's prior representation of the plaintiff did not give rise to any confidential information and that any information which was shared with the law firm was unconnected with and not adverse to the subject matter of the present dissolution action. He claims that the United States Supreme Court, other federal courts and twenty-one states endorse the rule that a firm should not be disqualified where an attorney's prior representation of a plaintiff did not give rise to any confidences substantially related to the subject matter of present litigation.

The plaintiff claims, citing a quantity and quality of federal and state cases equal to those cited by the defendant, that the rule is that a firm should be disqualified where an attorney's prior representation of a plaintiff did give rise to confidences substantially related to the subject matter of present litigation.

The law in Connecticut is set forth in the Connecticut Practice Book. The Code of Professional Responsibility states in canon four, entitled "A Lawyer Should Preserve the Confidences and Secrets of a Client": "Both the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidences and secrets of one who has employed or sought to employ him. A client must feel free to discuss whatever he wishes with his lawyer and a lawyer must be equally free to obtain information beyond that volunteered by his client. . . . The observance of the ethical obligation of a lawyer to hold inviolate the confidences and secrets of his client not only facilitates the full development of facts essential to proper representation of the client but also encourages laypersons to seek early legal assistance." In canon nine, entitled "A Lawyer Should Avoid Even the Appearance of Professional Impropriety," it is stated: "Every lawyer owes a solemn duty to uphold the integrity and honor of his profession . . . and to strive to avoid not only professional impropriety but also the appearance of impropriety."

The plaintiff and the defendant in the matter before the court disagree as to the relationship between the plaintiff wife and the defendant husband's counsel. The plaintiff claims that she reposed in the attorneys of the defendant's firm her personal thoughts, emotions and sensibilities, as

well as facts relative to the very matters which form the subject matter of the present proceeding. The defendant claims that the plaintiff did not repose any confidences in him or his firm and that at no time was there any indication of secrecy, confidentiality or conflict of interest between the husband and wife during the time the law firm represented them.

In most cases, the moving party must prove (1) that he had in the past enjoyed an attorney-client relationship with his opponent's attorney; (2) that the subjects of the attorney's former and present employment are substantially related and therefore that the interests are adverse; (3) that the information obtained by the attorney during the prior relationship was of a privileged nature; and (4) that he has neither waived his right to object to nor consented to the attorney's current representation. The plaintiff in the present case was a client of the law firm of Gilman and Marks. It is also clear that the plaintiff has not waived her right to object since she has made timely objection to the appearance by her former attorney in the present dissolution action. The remaining two elements which must be proved are the contested areas of the motion before us.

In *Canadian Gulf Lines, Inc.* v. *Triton International Carriers, Ltd.,* 434 F. Sup. 691 (D. Conn.), the United States District Court for Connecticut stated (p. 693) : "The law in this Circuit is clear that 'where any substantial relationship can be shown between the subject matter of a former representation and that of a subsequent adverse representation, the latter will be prohibited.'" *T. C. Theatre Corporation* v. *Warner Brothers Pictures, Inc.,* 113 F. Sup. 265 (S.D. N.Y.). The rule promotes the policy of encouraging communications from clients to attorneys by assuring clients that their attorneys will not

be able to take advantage in a subsequent adverse representation of any confidences the clients may have divulged if the subject matters of the two representations are sufficiently related to make the risk of use of previously disclosed confidences a real one.

It is clear that the plaintiff, while a client of the defendant's attorney, did disclose to the defendant's attorney information concerning plans involving her finances. This took place two years prior to the present dissolution action which involves a contest over alimony and therefore necessarily involves a hearing as to the financial status of the parties. On the face of it, there is a substantial relationship between the subject matter of the former representation and that of the present adverse representation.

The defendant's counsel claims that, in fact, the information given to him and his firm during the prior representation of the present plaintiff was not secret or confidential because it is the same information which would have to be given by affidavit in the present case and because the information was given in the presence of or with the knowledge of the defendant.

The court is of the opinion that it is the better course of action to follow the rule cited in *T. C. Theatre Corporation* v. *Warner Brothers Pictures, Inc.*, supra and in *Canadian Gulf Lines, Inc.* v. *Triton International Carriers, Ltd.*, supra. In those cases the court declined to inquire whether actual confidences were ever disclosed in the first representation. The theory behind presuming confidential disclosures once a substantial relationship is found is that any rule requiring proof of actual disclosures would itself undermine the policy of encouraging free communication by forcing the client to divulge his confidences in court as part of his proof.

The plaintiff in this matter, within the context of an attorney-client relationship, in her mind, related secrets and confidences to the firm of Gilman and Marks. The court, adopting the reasoning of the *Canadian Gulf Lines* case, will not inquire whether actual confidences were disclosed.

Canon four of the Code of Professional Responsibility requires the preservation of confidences disclosed to an attorney by a client in order to ensure the proper functioning of the legal system. The client must be encouraged to give freely all information and to seek early assistance of counsel. This rule must be interpreted in its broadest sense to protect the layman who relies on the attorney for protection of his rights within our judicial system. Without this full protection, the legal system will be weakened and the integrity and honor of the legal profession will be diminished.

The plaintiff's motion to disqualify the defendant's counsel is granted.