[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE THE DEFENDANT'S MOTION TO DISQUALIFY COUNSEL (#17)
The plaintiff's attorney has acted as attorney for an incorporated business owned by the parties as the only stockholders. The defendant ran the day to day affairs of the business known as "The Village Stitchery". The plaintiff's primary function was to contribute money from time to time.
The defendant introduced several letters and billings from CT Page 2693 plaintiff's counsel addressed to the defendant for the period November 25, 1985, when the business was incorporated, to June 12, 1989, when a billing was issued (defendant's Exhibit E1). They all concern trade accounts or disputes.
The defendant claimed to have discussed her marital troubles during conversations with the plaintiff's attorney while consulting him on the various business matters. Nothing else presented to the court during the hearing supports this bald assertion by the defendant.
The defendant cites Cleland v. Cleland, 35 Conn. Sup. 215 as authority for her motion a 1979 Superior Court decision written when the Code of Professional Responsibility was in effect. That Code was replaced by the Rules of Professional Conduct in 1986. This issue raised in this case implicates rules 1.6, 1.7 and 1.9.
The court concludes that the legal work done by plaintiff's attorney for the corporation owned by both parties does not violate any of the cited rules.
Similar problems posed in two dissolution actions have recently been decided in D'Alessandro v. D'Alessandro, 8 Conn. L. Rptr. No. 9, p. 299 (Feb. 29, 1993), and Riccitelli v. Riccitelli 8 Conn. L. Rptr. No. 9, p. 300 (Feb. 29, 1993).
The court cannot conclude that the plaintiff's attorney possesses any confidential information that was obtained from his representation of the parties' corporation. The defendant's claim that she broached her marital difficulties with the plaintiff's attorney appears to the court four or more years later, to be motivated by "strategic purposes".
The defendant's motion is denied.
/s/ Harrigan, J. HARRIGAN CT Page 2694