[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISQUALIFYPLAINTIFF'S COUNSEL
Wetston Swienton Dambrosio for plaintiff.
Ivey, Barnum O'Mara for defendant.
The defendant makes this motion to disqualify plaintiff's counsel, Attorney David Somers on the basis that the representation of the plaintiff by Attorney Somers presents a conflict of interest.
The defendant claims that at a point in time when the marriage dissolution action was pending, neither party at that time being represented by Attorney Somers in this action, the plaintiff and the defendant conferred with Attorney Somers as concerns the prospect of filing a petition in bankruptcy. Six months thereafter Attorney Somers filed his appearance for the CT Page 10727 plaintiff wife in this action, in lieu of the wife's former attorney.
The plaintiff wife made the appointment with Attorney Somers. The purpose thereof was to seek legal advice as to the prospect of filing a bankruptcy petition. She informed Attorney Somers of the fact that the parties were going through a divorce. Both the plaintiff and the defendant met with Attorney Somers. The length of the meeting was between an hour and a half and three hours duration.
The defendant claims that the conference consisted of a general discussion of "matters related to a potential bankruptcy, between my family, counsel and myself." During the conference the plaintiff acknowledges that the defendant stated his particular position as to the filing of bankruptcy petition and a general statement of his reasons for that position, in the presence of the wife.
I. CONFIDENTIAL COMMUNICATIONS
The defendant claims that during the conference there was a period of time, estimated by him to be fifteen or twenty minutes, during which the plaintiff was absent from the room, and that during those times he responded to particular questions regarding his financial condition. The plaintiff and Attorney Somers both claim that the plaintiff, the wife, was not absent from the room, and hence there would have been no private conversation between Attorney Somers and the defendant.
The plaintiff testified that after the defendant made his position known as to his desires concerning the filing of bankruptcy in her presence the attorney asked the defendant to leave the room, stating that there could be a potential conflict of interest if he stayed. The court infers, and the plaintiff's brief concurs, that the apparent conflict there perceived relates to potential divergent views between husband and wife concerning bankruptcy, and not the divorce, as the attorney was not requested to be involved in the divorce proceedings until many months later. Whether such conflict existed at that time is questionable as each party is at liberty to arrive at an independent decision concerning individual bankruptcy without adversely affecting the rights of the other party. CT Page 10728
Subsequent to this meeting, two and one half months thereafter, the plaintiff wife became employed by Attorney Somers as a legal secretary. Attorney Somers appeared for the plaintiff in this divorce matter until five months thereafter.
The plaintiff claims that the defendant husband told her that he has filed this motion because he did not want her to have an attorney working for free and that he did not want the divorce to take another six to nine months.
To determine conclusively whether and to what extent specific factual information was furnished to the attorney by the defendant husband in confidence, would require a specific revealing of the details of any such communication, which would in and of itself violate the confidentiality of any specific communication. To predicate the result of a decision concerning this motion upon the necessity of making public the details of any specific confidential communication would defeat the very purpose of the attorney-client privilege, the preservation of which is one of the bases for such a motion. The protection of the public against revealing confidential information is grounded both in the common law attorney-client privilege and Rule 1.6 of the Rules of Professional Conduct.
The court determines from the evidence that there were brief periods of time during which the wife was absent from the conference. Each party attended their children in the adjacent room in the office, however brief. The opportunity for confidential communication was present, however brief, regardless of the honest recollection of the plaintiff and the attorney to the contrary. The only subject of the entire conference was the question of the bankruptcy which of necessity is directly related to the finances of the parties.
The fact that the defendant did not ultimately retain the attorney to represent him in a bankruptcy matter or any other matter does not mean that there was not an attorney-client relationship. The defendant consulted with the attorney in the attorney's capacity as an attorney, and hence any communications made relating to the subject of the consultation were made within the context of the attorney-client relationship. The court determines that there were in fact confidential communications. CT Page 10729
II. CONFLICT OF INTEREST
The finances of the defendant are an intricate part of the dissolution action, which requests alimony, child support and other customary financial orders.
The defendant claims that he furnished confidential and privileged financial information. The plaintiff claims that the defendant gave only a generalized reason for his position concerning bankruptcy, and that she was present at the time. information of such nature, however generalized, has the capacity of being used to the defendant's detriment in this adverse proceeding. The defendant has not waived his right to object to the attorney's representation of this adverse interest, but rather has asserted that right.
The matter consulted upon in the bankruptcy proceeding and the financial issues in the present action are "essentially the same." Both bankruptcy and marital dissolution involve an in depth exploration of the entire financial circumstances of the party.
The court makes reference to the well reasoned decision of Hennessey, J. in the case of Cleland v. Cleland,35 Conn. Sup. 215 (1979). Rule 1.9 of the Rules of Professional Conduct precludes the representation of other persons whose interests are materially adverse to the interest of the former client and the use of information relating to the representation to the disadvantage of the former client. This rule is an extension of Rule 1.7 which precludes representation of a party directly adverse to a present client.
Discussion
The motion of the defendant calls into consideration this aspect of the attorney-client relationship.
The plaintiff recalls that the defendant stated to the attorney his desires concerning the filing of bankruptcy and, at least in general, a statement as to his reasons therefore. As to the specifics of such disclosures, the court properly declines to require proof of the details of any disclosures as such inquiring in and of itself would be violative of the privilege. The court relies upon the presumption of CT Page 10730 confidential disclosure under these circumstances. The court also agrees with the determination of the court Cleland v.Cleland, 35 Conn. Sup. supra, p. 219 that the mere fact that the wife may have been present during such disclosure, or that the same information may be available for other sources, does not overcome the presumption of the confidential nature of the communications, nor does it release the attorney from the prohibition against the utilization of information relating to the representation, to the disadvantage of the defendant. These circumstances require the application of Rule 1.7, of i the Rules of Professional Conduct. These Rules, framed in the verbiage "Conflict of Interest" are often referred to in the more generalized terminology of "fidelity" or "loyalty" They prohibit the utilization of information gained by the attorney in the course of the relationship "to the disadvantage" of the client or former client. These rules extend beyond the mere question of confidentiality, and express the general and proper understanding of the public that when a citizen consults with an attorney, in a professional capacity, however brief, the attorney will not use any such information, or inferences derived therefrom, to the disadvantage of the citizen.
The attorney admittedly would not have consulted with the defendant as to the bankruptcy had he known that he would eventually represent the plaintiff in the divorce (transcript p. 33). The sequence of consultation and later adverse representation does not alter the fact of conflict of interest.
Lastly, the questions as to the extent of and the dialogue of the attorney-client conference would not disappear if the appearance of the attorney is allowed to remain in the case. Differences of opinions as to what was stated would again arise at trial. The attorney in fairness to his present client would become a fact witness, hence implicating the prohibition of Rule 3.7, Lawyer as a Witness. It is not in the interest of either of the parties that the matter devolve into an unseemly controversy between a citizen and an attorney with whom he had previously consulted, regardless of howbrief, on a related matter.
The motion to disqualify is granted.
L. P. Sullivan, J. CT Page 10731