[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
The plaintiff Joseph Ashline moves to disqualify Attorney Stuart Rothenberg from representing his wife, the defendant Virginia C. Ashline in the Dissolution of Marriage action. The basis of this motion is that Attorney Seymour Rothenberg, the foremost name on the letterhead of the firm of Rothenberg, Rothenberg Rothenberg, P.C., represented him, the plaintiff, in the dissolution of his former marriage, for a period of time, though not through the conclusion of the prior dissolution case.
In defending against this motion the defendant's brief states that Attorney Seymour Rot[h]enberg is neither a principal nor a partner of the firm of Rothenberg, Rothenberg Rothenberg, P.C., but that he is semi-retired and, at most, is "of counsel" to the defendant's law firm. The brief further alleges that some 13 1/2 years ago Seymour A. Rothenberg was terminated from representing the plaintiff in a divorce action then pending between the plaintiff and his former wife Irene L. Ashline, and that the plaintiff thereafter retained Lloyd Frauenglass as his counsel. The brief further states that the files were then picked up by the plaintiff from the then LaBelle, Rothenberg LaBelle law firm.
The affidavit of Attorney Seymour Rothenberg, filed with the brief, states that neither he nor Stuart Rothenberg is "in possession of any confidential information or even any remotely tangent[i]al materials or information of the plaintiff herein from my limited involvement with him as a member of the Firm of LaBelle, Rothenberg LaBelle, P.C., on or about July 1981." The affidavit further alleges he is neither a principal in the firm of Rothenberg, Rothenberg Rothenberg, P.C. and as of June 1994 I have essentially been in an of counsel semiretired position with said Firm." Although the affidavit does not affirm or deny his personally having represented the plaintiff in the former divorce both the motion of the plaintiff, and the brief of the defendant (para. 6) and the defendant's Objection to Motion to Disqualify (para. 6) clearly reflect the prior personal representation of the plaintiff by Attorney Seymour Rothenberg in the prior divorce action.
First, as to the claim of "of counsel" status. The term "of counsel" is a generic term to designate an "associate attorney." See Ballantine Law Dictionary, Third Edition, P. 880. Though partners, on the one hand, and associates including "of counsel" associates, on the other hand are usually, and advisedly distinguished on the stationery of law firms, for the fiscal protection of the public, yet the CT Page 2547-II absence of such designation on this firm's stationery does not cause an associate to be a partner. Regardless, in the context of the issues presented by the motion, the distinction between partners on the one hand and associates, including "of counsel" associates, is immaterial. Confidences disclosed to an associate are confidences disclosed to the firm and hence to each of its partners and associates.
The substantive issue presented by the motion is similar to the issues presented to the Court in the case of Henry v. Henry, Superior Court at New London, 12 Conn. L. Rptr 19, 625 (Dec. 5, 1994). The only significant factual distinction between this case and the case Henry v. Henry, supra, is that in the latter case the attorney was the same person who represented the party in the first marital action and eight years later represented the defendant in the new dissolution action brought by the former client.
At law the knowledge of the associate is the knowledge of the partner; the communications to the associate are the communications to the partner; a disqualification of the associate is the disqualification of the partner.
"Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client in a matter substantially related to the prior representation. This test `has been based in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.' Once a substantial relationship between the prior and the present representation is demonstrated the receipt of confidential information that would potentially disadvantage a former client is presumed."
Bergeron v. Mackler, 225 Conn. 391, 398 399 (1993). Internal citations omitted. Emphasis added.
In the instant case the financial circumstances of the plaintiff, the former client, are a major issue in this marital dissolution action. This action seeks, by counterclaim, alimony and counsel fees. The plaintiff asserts that he is the proprietor of the same auto body shop as was the case in the prior action. Economics are not static. The hopes, aspirations and predictions as to the growth or health of the business, as well as the intricacies of the business, now and then, are totally interrelated.
It is totally unrealistic to assume that the attorney who represented CT Page 2547-JJ the plaintiff in the prior divorce would not have inquired into what would be the essence of the plaintiff's economic livelihood, as well as the entire economic circumstances of the plaintiff.
Additionally, the present action, both the complaint and the defendant's pendente lite motion of February 1, 1995, claim exclusive possession of the marital home. The temperament and tolerance of the parties, acting under the stress of a dissolution action, is particularly involved in these requests for relief. As Judge Teller articulates in Henry v. Henry, supra, P. 626, the attorney's insight into the conduct and behavior of a client is typically gained through the intensely personal and sensitive communications between attorney and client in the handling of these dissolution matters. Such insight is often useful, and at times devastating in the examination of an adverse party. This type of open, candid and soul-searching dialogue is not typical in the handling of more routine matters such as a real estate closing, a minor traffic offense, a property damage claim or the like. Nor do matters of such routine nature usually involve an in-depth analysis of the finances of the client.
The court finds that the issues in the marital dissolution cases are patently clear and are identical or at the very least are essentially the same. The receipt of confidential information is presumed. Bergeronv. Mackler, supra, P. 399.
Attorney Seymour Rot[h]enberg states by affidavit that "possesses absolutely no confidences and/or communications" from the plaintiff, his former client. The assertion to the effect that he has no records thereof, or inferentially, no present memory thereof, is not material to this issue. It is the fact of the communications, here presumed, which is controlling and not the vagaraties [sic] of human recollection or the absence of written records, which were returned to the client.
The appearance of improprietary [sic] is not in and of itself sufficient reason to disqualify an attorney. Bergeron v. Mackler, supra, 399. It is however proper to observe that the public interest in the scrupulous administration of justice is a proper concern in the resolution of matters of this nature. Goldenberg v. Corporate Air Inc.,189 Conn. 504, 507 (1983). Preservation of Confidences between attorney and client is a matter of paramount importance to the effective functioning of the judicial system. The presumption of the receipt of confidential communications is fundamental, both in law and in practical application. It is difficult to envision a circumstance more disruptive to the judicial process than would occur should the CT Page 2547-KK matter at trial or at evidentiary proceedings or discovery devolve into an unseemly controversy between a citizen and his former attorney as to the specifics and details of communications made in the course of the related prior representation. See also the prohibition of Rule 3.7, lawyer as a witness.
The fact that the prior representing of the plaintiff terminated before the final determination of the case is of no import in the determining of this motion.
The Court does not, and it is obvious that the Court could not conduct a hearing to determine what confidences were related to the attorney during the first domestic case. Such a hearing in and of itself would be violative of the attorney-client privilege. See Clelandv. Cleland, 35 Conn. Sup. 215, 219 (1979). The Court does and must rely upon the presumption which arises in this matter.
The Court further finds that the plaintiff has not waived the attorney-client privilege.
For the reasons set forth herein the motion to disqualify is granted.