[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 13, 1997
Should the defendant's attorney be required to withdraw from the present matter because he previously represented the plaintiff?
The plaintiff's motion most resembles a motion to disqualify for conflict of interest to a former client governed by Rule 1.9 of the Rules of Professional Conduct.[1] The relevant standards for review were most recently described in Bergeron v. Mackler,225 Conn. 391, 623 A.2d 489 (1993).
"The trial court has broad discretion to determine whether CT Page 674-I there exists a conflict of interest that would warrant disqualification of an attorney . . . Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information . . . In disqualification matters, confidential information . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . ., mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations . . . The competing interests at stake in the motion to disqualify, therefore are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." (Citations omitted; internal quotation marks omitted.) Id., 397-98.
The test for whether a matter is "the same or substantially related" to an earlier matter "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or when the issues are `identical' or `essentially the same.'" Id., 399, quoting Government of India v.Cook Industries, Inc., 569 F.2d 737, 739 (2nd Cir. 1978). "Once a CT Page 674-J substantial relationship between the prior and present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed." Bergeron v. Mackler, supra. Moreover, "the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases." (Internal quotation marks omitted.) Id., 399-400. Defendant's attorney formerly represented both the defendant and the plaintiff in a contract dispute for the sale of land. SeeSullivan v. Pellini, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 148769. The plaintiff asserts, in her motion to compel withdrawal, that she has not given consent for her former attorney to now represent the defendant. Moreover, there is no question that the defendant's interests are materially adverse to the plaintiff. Therefore, the only issue remaining is whether the relationship between the issues in the prior and present cases is "patently clear" or whether the issues are "identical" or "essentially the same." See Rule 1.9 of the Rules of Professional Conduct; Bergeron v.Mackler, supra.
While no other case is directly on point, several superior court cases have disqualified attorneys from representing one of the parties to a dissolution action when that attorney had earlier represented the spouse in some financial matter. In CT Page 674-KCleland v. Cleland, 35 Conn. Sup. 215, 404 A.2d 905 (1979), for example, the trial court disqualified the husband's law firm from representing the husband because the firm had earlier prepared for the wife a will which included elements of estate planning.[2] The court in Cleland specifically noted that "the present dissolution action . . . involves a contest over alimony and therefore necessarily involves a hearing as to the financial status of the parties." Id., 219.
Similarly, in Rompre v. Rompre, Superior Court, Judicial District of Waterbury, Docket No. 116536 (February 27, 1995) (Pellegrino, J.), the court disqualified the husband's attorney in a dissolution action where both the wife and the husband had consulted with the attorney's partner regarding an estate plan.
In Drevline v. Drevline, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 540697, 12 CONN. L. RPTR. 623 (October 18, 1994) (Sullivan, J.), the court granted a motion to disqualify the wife's attorney where that attorney had previously met with both the husband and the wife regarding the possibility of filing a bankruptcy action. The Drevline court emphasized the "presumption of confidential disclosure under these circumstances," and noted that "[t]he fact that the defendant did not ultimately retain the attorney to represent him in a bankruptcy matter or any other matter does not mean that CT Page 674-L there was not an attorney-client relationship. The defendant consulted with the attorney in the attorney's capacity as an attorney, and hence any communications made relating to the subject of the consultation were made within the context of the attorney-client relationship. " Lastly, the court stated that finances are "an intricate part of the dissolution action, which requests alimony, child support and other customary financial orders."
In the present dissolution action, which also seeks alimony, child support and damages, financial matters are similarly relevant. The earlier land transaction, while not directly involved with financial planning, may have involved issues that will affect the division of property in the present case. Moreover, the defendant's attorney in fact represented the plaintiff in the earlier action and should be presumed to have received confidential information from her. Bergeron v. Mackler,supra. For these reasons the defendant's attorney is disqualified, and the plaintiff's motion is granted.
HARRIGAN, J.