[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to this court as a pendente lite motion by the plaintiff to disqualify the attorney for the defendant husband ("husband"), Andrew Nemiroff, Esq. as well as his firm, on the basis of that firm's representation of the parties in prior legal matters. The court heard the testimony of both parties, and their counsel of record have each filed a Memorandum of Law in support of their respective positions. In sum, the firm of Fogarty, Cohen, Selby, and Nemiroff, LLC. performed legal services on behalf of the parties on three separate occasions, to wit: the negotiation of a residential lease to their prior home, the purchase of their present home, and a matter with the Town of Greenwich involving a small triangle of land. The plaintiff wife ("wife") testified on both direct and cross examination, that in none of the transactions had she any contact with Mr. Nemiroff, and only limited contact with other attorneys in the firm. of more consequence, she could point to no specific instance where she shared a confidence with any lawyer in the firm, let alone one which would cause her harm if disclosed or used in the pending matrimonial matter. The testimony of the husband was clear and consistent with the wife's testimony.
The wife would have the court apply, in essence, a somewhat objective standard regarding disqualification. Specifically, she advances the argument that where there has been prior representation, and that prior matter involves the finances of the parties, it is presumed that, absent her consent, the continued representation of her husband by Attorney Nemiroff constitutes a breach of a fiduciary relationship from which disqualification automatically flows. The husband, on the other hand, advances the argument that the court is required to balance the right of one party to have counsel of his or her choosing, with the right of the other party to be secure in the belief that their confidences will be preserved and that the prior disclosures will not be used against them.
 LAW
In speaking for a unanimous court in the matter of Bergeron v.Mackler, 225 Conn. 391, 398 (1993), Justice Norcott clearly articulated that the competing interests which a court must consider in deciding whether or not to disqualify an attorney, are (1) the protection of confidential information, (2) the right to freely select counsel, and (3) "the public's right to the scrupulous administration of justice." The Rules of Professional Conduct have been adopted in Connecticut to "govern the professional rights and obligations of attorneys" engaged in the CT Page 10911 practice of law. Matza v. Matza, 226 Conn. 166, 175 (1993). Specifically, Rule 1.6 prohibits the disclosure of confidential information. Here, there was no credible evidence offered that would lead the court to conclude that such confidences had been shared by the wife with Attorney Nemiroff or other attorneys in his firm. The matters in question involved the joint representation of husband and wife in three real estate matters within a relatively short time span, and which by their nature do not of themselves normally involve the sharing of a confidence by one of the joint clients with their lawyer.
Rule 1.7 deals with conflict of interest, specifically the duty of loyalty to a client. This is not a hard and fast rule. Specifically, the rule provides that the lawyer shall decline representation of a client where such representation "will be directly adverse to another client." (Emphasis added.) The Commentary to the rule is worth noting, in particular the third paragraph of the first subsection which expands upon the general proposition, and states: "Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's otherresponsibilities." (Emphasis added.) Clearly, the rule presupposes the simultaneous representation of two clients in competing matters. Here, there is no continuing representation in the previous matters, all involving real estate, all presumably concluded long ago.
Rule 1.9 deals with the issue of conflict of interest and a former client. That rule prohibits representation of another person "in the same or a substantially related matter in which that person's interests arematerially adverse to the interests of the former client." (Emphasis added.) Obviously, Attorney Nemiroff is not representing both parties in the pending matrimonial. The question for the court therefore is as follows: a) Is the present action "substantially related" to the prior matters, and if so, b) Are the competing interests materially adverse? The court notes that the issue is not whether the parties are substantially related, but rather it is a question of whether or not thesubject matter is. For if the former were the gravamen by which the issue would be determined, disqualification would almost certainly follow in every case where the same parties are involved. In order to determine whether or not one matter is substantially related to another, the court must look for a common thread or nexus. The previous matters are all real estate matters, and the present matter is a matrimonial matter. On the face of it, this would seem to end the inquiry, however, some other courts that have wrestled with this issue suggest a narrow approach.Cleland v. Cleland, 35 Conn. Sup. 215 (1979); Pellini v. Pellini, 1997 WL 30210 (Conn.Super.) (January 13, 1997). These cases rest upon the presumption of a confidential disclosure, without any inquiry into the facts and circumstances surrounding the actual prior representation. This CT Page 10912 is akin to the "slender reed" which the Connecticut Supreme Court rejected. Mackler, Supra 399.
This court subscribes to a broader approach, in particular because the present action is one for dissolution of marriage. It is well-established in Connecticut that equitable division in a matrimonial matter requires the attorneys to have a "searching dialogue with their client and the parties to make a "full and frank disclosure," of all material assets, including real estate. Billington v. Billington, 220 Conn. 212, 220-23
(1991). Moreover, if an attorney in a matrimonial case becomes aware that his or her client insists upon the non-disclosure of a material fact or to perpetrate a fraud upon the court, this alone implicates his or her ethical responsibilities. Matza, Supra 176-180. Without evidence to the contrary, this court can infer that any disclosures to the attorney in the previous matters were about the real estate itself or the parties' respective sources of income — both topics subject to fill disclosure in the present matrimonial action.
Accordingly, upon the facts of this case, where the previous joint representation of husband and wife involved uncomplicated real estate matters, absent a showing that: 1) a confidential disclosure was in fact made by the wife; 2) which by its nature or substance was not required to be disclosed in the matrimonial action; and 3) which if disclosed would prove harmful to the wife in the present action, there are no grounds for disqualification.
Furthermore, this court believes that the administration of justice is served by a common sense application of the rule, in that one party's right to counsel of choice is preserved, the other party has had an opportunity to seek the protection from the disclosure of any confidence, and precious time and resources were not squandered by a feuding spouse choosing to apply a "sour grapes" attack upon the other (i.e., "I can't have him so you can't have him!").
 FINDINGS
The court having heard the testimony of the parties, hereby makes the following findings:
 1. That no credible evidence was offered by the plaintiff that she shared any confidence with Attorney Nemiroff or any other attorney in his firm, Fogarty Cohen Selby Nemiroff LLC, which if disclosed would be materially adverse to her in the present action.
CT Page 10913
 2. That none of the previous matters in which said law firm represented the parties is the same or a substantially related matter to the present action.
 ORDER
For the foregoing reasons, the Motion to Disqualify is hereby DENIED
THE COURT
SHAY, J.